# FALL SESSIONS, 1907.

STATE *vs.* WILLIAM H. HAMILTON.

*Criminal Law—Indictment—Gambling—Evidence—Device—Statute—Practice.*

1.    In a trial for gambling a witness for the State may be asked a question, the object of which is to show that the defendant had endeavored to spirit away the witness before the defendant's trial should come off. The testimony is admissible as tending to show guilt.

2.    The floor of a dwelling occupied by a person is not a "device" within the meaning of *Section 2 of Chapter* 454, *Volume* 11, *Laws of Delaware.*

3.    The State allowed to enter a *nolle prosequi*, and motion to instruct the jury to render a verdict of not guilty, refused.

*(September* 25, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*Daniel O. Hastings*, Deputy Attorney-General, for the State.

*William H. Cooper, Jr.*, for the defendant.

Court of General Sessions, New Castle County, September Term, 1907.

INDICTMENT FOR GAMBLING,—(No. 38, Sept. Term, 1907).

The defendant was indicted at this term under *Sec.* 2, *Chap.* 454, *Vol.* 11, *Laws of Delaware (Rev. Code*, 961), for being "concerned in interest in keeping and exhibiting a certain floor, the same being then and there a device at which a game of chance then and there commonly called crap was played with dice for money."

At the trial, David Anderson, a witness on behalf of the State, after testifying that he swore out the warrant for the arrest of the defendant Hamilton charging the latter with gambling and also that he testified against the defendant in the Municipal Co··· at the preliminary hearing of Hamilton and in

his presence,—was asked by the Deputy Attorney-General to state what subsequent conversation he had with the defendant, the object being to show that Hamilton had endeavored to spirit away the witness before the defendant's trial should come off at the upper Court. This was objected to by counsel for defendant as immaterial and as being an attempt to prove the defendant guilty of another crime than that with which he was charged in the indictment.

LORE, C. J.:—We think, under the circumstances, that this testimony is admissible as tending to show guilt.

*Cooper*, for the defendant, after the State had put in its evidence, which showed that the floor in question was that of one of the rooms of the defendant's dwelling house, moved that the jury be instructed by the Court to return a verdict of not guilty, on the ground that the floor of a dwelling, as alleged in the indictment, was not such a "device" as was contemplated by the section of the statute under which the indictment was drawn.

*State vs. Norton*, 9 *Houst.*, 586; 20 *Cyc. L. and P.*, 906; *Words and Phrases Judicially Defined, Vol.* 4, *p.* 3033.

*Hastings*, Deputy Attorney-General, argued in support of the indictment but cited no authorities.

LORE, C. J.:—The Court do not think that the floor of a dwelling occupied by a man is a device within the meaning of *Sec.* 2, *of Chap.* 454, *Vol.* 11, *Laws of Delaware*.

*Mr. Hastings:*—Then I desire to enter a *nolle prosequi* in this case.

*Mr. Cooper:*—I insist upon my motion that the Court instruct the jury to return a verdict of not guilty.

LORE, C. J.:—We think under the circumstances of this case that the State has a right to enter a *nolle prosequi.* We refuse to instruct the jury to render a verdict of not guilty.

A juror was thereupon withdrawn, the jury discharged and a *olle prosequi* entered.